FILED
IN OPEN COURT

MAR - 9 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr 32 |
| | ) | |
| SOPHIA DIX, | ) | 18 U.S.C. § 1343 |
| | ) | Wire Fraud |
| Defendant. | ) | (Counts 1-10) |
| | ) | |
| | ) | 18 U.S.C. § 1028A |
| | ) | Aggravated Identity Theft |
| | ) | (Counts 11-13) |
| | ) | |
| | ) | 18 U.S.C. § 981 |
| | ) | Forfeiture |

**INDICTMENT**

March 2016 Term – At Norfolk, Virginia

**COUNTS ONE THROUGH TEN**
(Wire Fraud)

THE GRAND JURY CHARGES THAT:

From in or about April 2014, through in or about August 2015, in the Eastern District of Virginia, SOPHIA DIX, the defendant, did devise and intend to devise a scheme and artifice to defraud the Social Security Administration, and for obtaining money therefrom by means of materially false and fraudulent pretenses, representations and promises, which scheme and artifice, and the execution thereof, were in substance as follows:

1. At all material times, SOPHIA DIX, the defendant, was employed by the Social Security Administration as a service representative at a district office in Norfolk, Virginia. The defendant had computer access to Social Security Administration beneficiary information,

including bank account data for the direct deposit of benefit payments into the bank accounts of beneficiaries.

2. The object of the scheme and artifice devised by the defendant was to obtain monies for herself by fraudulently processing computer changes to Social Security Administration beneficiary account information so that benefit payments would be deposited directly into a prepaid reloadable debit card account that DIX opened at a financial institution in the name of a beneficiary (the "debit card account").

3. The defendant fraudulently processed computer changes to the bank account information of at least three separate Social Security Administration beneficiaries, so that benefit payments would be deposited directly into the debit card account.

4. In one instance, a beneficiary was deceased but the defendant fraudulently made computer changes to his account to change his mailing address to that of DIX's residence.

5. As a result of said scheme and artifice, the defendant fraudulently diverted the total sum of approximately $ 56,560.20 in beneficiary payments into the debit card account.

6. On or about the dates set forth below, in the Eastern District of Virginia, for the purpose of executing and attempting to execute the above-described scheme and artifice, defendant SOPHIA DIX, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals and sounds, that is, an electronic transmission by computer from Norfolk, Virginia, to the United States Treasury Department in Kansas City, Missouri, processing a change in the entitlement to benefits of the named Social Security Administration's beneficiaries, each wire transmission being a separate count of this indictment as indicated:

| Count | Date of Wire | Content |
|---|---|---|
| ONE | June 2, 2014 | Reinstatement of Benefits of G.C.; Caused Payment of $ 4,138.40 to Debit Card Account |
| TWO | June 25, 2014 | Reinstatement of Benefits of G.C.; Caused Payment of $ 4,045.40 to Debit Card Account |
| THREE | September 18, 2014 | Reinstatement of Benefits of J.W.; Caused Payment of $ 5,768.00 to Debit Card Account |
| FOUR | February 5, 2015 | Reinstatement of Benefits of S.D.; Caused Payment of $ 9,789.34 to Debit Card Account |
| FIVE | February 23, 2015 | Reinstatement of Benefits of S.D.; Caused Payment of $ 4,365.61 to Debit Card Account |
| SIX | March 2, 2015 | Reinstatement of Benefits of S.D.; Caused Payment of $ 4,000.08 to Debit Card Account |
| SEVEN | May 13, 2015 | Reinstatement of Benefits of S.D.; Caused Payment of $ 3,200.14 to Debit Card Account |
| EIGHT | June 2, 2015 | Reinstatement of Benefits of S.D.; Caused Payment of $ 4,232.98 to Debit Card Account |
| NINE | July 2, 2015 | Reinstatement of Benefits of S.D.; Caused Payment of $ 4,871.92 to Debit Card Account |
| TEN | August 7, 2015 | Reinstatement of Benefits of S.D.; Caused Payment of $ 1,994.49 to Debit Card Account |

(In violation of Title 18, United States Code, Section 1343.)

## COUNTS ELEVEN THROUGH THIRTEEN
### (Aggravated Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in Paragraphs 1 through 6 of Counts One thru Ten of this Indictment are realleged and incorporated herein as if copied verbatim.

2. On or about the dates listed below, within the Eastern District of Virginia, defendant SOPHIA DIX did knowingly use the means of identification of another person without lawful authority during and in relation to the offenses in this Indictment described as Related Counts identified below, that is, she knowingly used the name, date of birth, and Social Security numbers of actual persons known to the grand jury, listed by their initials below, to commit wire fraud in violation of 18 U.S.C. § 1343 by obtaining Social Security benefits in the amount listed below, each use being a separate count of this indictment as indicated:

| Count | Date of Use | Related Count | Individual | Benefit Received |
|---|---|---|---|---|
| **ELEVEN** | June 2, 2014 | ONE | G.C. | $ 4,138.40 |
| **TWELVE** | September 16, 2014 | THREE | J.W. | $ 5,768.00 |
| **THIRTEEN** | February 3, 2015 | FOUR | S.D. | $ 9,789.34 |

(In violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(5).)

## **FORFEITURE ALLEGATION**

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in Counts One through Ten of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendants, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

3. The property subject to forfeiture includes, but is not limited to, the following property:

   a. A monetary judgment in the amount of at least $56,560.20, representing the proceeds of Counts One through Ten.

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.)

Sealed Pursuant to the
E-Government Act of 2002

United States v. SOPHIA DIX
Criminal No. 2:16cr 32

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Elizabeth M. Yusi
Assistant United States Attorney
Attorney for the United States
United States Attorney' Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - elizabeth.yusi@usdoj.gov